UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS, ET AL

VERSUS                                          CIVIL ACTION

BATON ROUGE POLICE                              NUMBER 11-282-RET-SCR
DEPARTMENT, ET AL

OPINION

Pro se plaintiffs Brian Lewis and Diana Lewis filed this action presumably pursuant to 42 U.S.C. § 1983 against the Baton Rouge Police Department, the East Baton Rouge Sheriff's Department, Cpl. M. Godawa, the East Baton Rouge Parish Prison and officer Lonny Miller. Plaintiffs alleged that the defendants are responsible for the false arrest of Stephen Robinson, including false information in the police report related to his arrest and searching his apartment without a warrant. Plaintiffs alleged that the officers were rude and "going off with an attitude."

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. 28 U.S.C. § 1915(d); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at

33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiffs named the "East Baton Rouge Parish Sheriff's Department" and "East Baton Rouge Parish Prison" as defendants. Under Rule 17(b), Fed.R.Civ.P., the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant. It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued. *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).[1]

Second, the right to bring an action under the civil rights act is personal in nature and may not be asserted by third parties. *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986). All persons who claim a deprivation of constitutional rights must prove some violation of their personal rights. *Id.* Plaintiffs' claims

---

[1] *See, e.g., Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980), *overruled on other grounds, Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986).

2

regarding the alleged deprivation of the rights of Stephen Robinson is not a personal right which they may assert.

Third, insofar as the plaintiffs alleged that the defendants were rude and had an unfriendly or bad attitude, their claims do not rise to the level of a constitutional violation.

Therefore, the complaint shall be dismissed as frivolous.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, August 16th, 2011.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE